NEAL McGAFFEY AND ANOTHER V. F. S. MILLARD AND AN-
OTHER.

Where heirs brought suit to set aside a sale fraudulently made by one assuming to act as administrator, it was held that it was not necessary to allege that the defendant sold the land as administrator, nor that he was, or assumed to be, administrator at the time of the sale ; nor should the deed, executed by him in his capacity as administrator, have been rejected on the ground of variance or surprise, the suit charging the fraudulent sale being a sufficient notice to him to defend the authority under which he assumed to act.

Appeal from Williamson. Tried below before the Hon. Thomas H. Duval.

Suit by the appellees, to set aside a sale of lands and land certificates alleged to have been fraudulently made by the defendant McGaffey to his co-defendant Mercer. The appellees

claimed the property as only heirs of Henry Millard, deceased. On the trial, a deed to the property in question was offered in evidence by the plaintiffs from McGaffey to Mercer, and objected to on the part of the defendants, for the reason that the deed showed upon its face that it was executed by McGaffey as administrator upon the estate of Henry Millard, deceased, and that the said McGaffey " was not charged, except in his private capacity." The objection was overruled and the defendant excepted. Verdict and judgment for the plaintiff.

*E. B. Turner*, for appellants.

*Paschal, Green* and *Hughes*, for appellees.

LIPSCOMB, J. This suit was brought by the appellees, against the appellants, to set aside a sale and conveyance of certain lands and land certificates, alleged to have been fraudulently sold by McGaffey, without any authority of law, to Mercer, who is charged with being privy and a party to the fraud. The only answer relied on, was a general denial. On the trial the plaintiff read in evidence the deed from McGaffey to Mercer, in which he assumed to act as administrator, and to have sold under an order of sale of the Probate Court of Williamson county. The reading was objected to on the ground that there was no allegation in the petition, charging a dereliction of duty in the discharge of the trust reposed in him ; and that to set aside a deed purporting on its face to have been executed in a fiduciary capacity, the failure to discharge the trust should have been alleged. The objection was overruled, and defendants excepted. This ruling of the Court is assigned as error.

We are unable to perceive the force of the objection. McGaffey had been distinctly charged with making a sale and conveyance, without any authority in law, under a fraudulent agreement with Mercer. And this was sufficient notice to them to

defend the authority by which he had assumed to act. Neither of them could be surprised ; and there was a failure to show the slightest scintilla of authority ; and the fraud in both was abundantly proved. The judgment is affirmed.

Judgment affirmed.